V. B. HIGGINS v. CHIMNEY ROCK MOUNTAIN, INCORPORATED, L. B. MORSE, W. H. BIGGS, K. S. TANNER, S. B. TANNER, JR., S. E. ELMORE, J. H. THOMAS, T. F. OATES, AND B. B. DOGGETT.

(Filed 10 May, 1933.)

**Execution J c—Funds paid to liquidator pursuant to criminal action held not subject to supplemental proceedings by civil judgment creditor.**

Execution on a judgment against defendants was returned unsatisfied and plaintiff instituted supplemental proceedings. Plaintiff levied on certain funds in the hands of the liquidator of an insolvent bank and

obtained an order restraining the liquidator from disposing of the funds. The trial court found that the funds levied upon were paid into the hands of the liquidator by persons other than the defendants and were paid to him for distribution to the depositors and creditors of the bank pursuant to the terms and conditions suggested by the court for the disposition of criminal actions against defendants for violation of the banking laws. Upon the facts found the trial court adjudged that the funds were not subject to any lien by reason of the levy and that the restraining order be dissolved. *Held*, the facts found support the order, it appearing that the liquidator had no funds in his hands belonging to defendants and was not indebted to them, and an exception to the order cannot be sustained, there being no exception to the findings of fact.

APPEAL by plaintiff from *Harding, Resident Judge* of the Fourteenth Judicial District, at Chambers, in the city of Charlotte, on 28 October, 1932. Affirmed.

From an order made on 28 October, 1932, in a supplemental proceeding in execution instituted by the plaintiff in the above entitled action, denying his motion that certain funds in the hands of the respondent be applied to the payment of the judgment in the action, the plaintiff appealed to the Supreme Court.

*J. F. Flowers for plaintiff.*
*I. M. Bailey for respondents.*

CONNOR, J. At January Special Term, 1930, of the Superior Court of Mecklenburg County, the plaintiff recovered a judgment against the defendants in this action for the sum of $29,979.50, with interest from 9 January, 1928, and for the costs of the action. This judgment was duly docketed in the office of the clerk of said court. Thereafter a transcript of said judgment was duly docketed in the office of the clerk of the Superior Court of Rutherford County, in which county the defendants, S. E. Elmore, K. S. Tanner, T. F. Oates and B. B. Doggett reside. Executions were duly issued on said judgment and directed to the sheriffs of Mecklenburg and Rutherford counties. These executions were returned wholly unsatisfied. No payments have been made on the judgment, by the defendants or by either of them.

On or about 28 April, 1931, the plaintiff instituted a supplemental proceeding in execution in the action, and procured an order from the resident judge of the Fourteenth Judicial District for the examination of the defendants and other persons as to property owned by the defendants and each of them, which was applicable to the payment of the judgment. This examination was had before a referee appointed by the judge in Rutherford County. On 18 May, 1931, plaintiff caused notice to be served on John D. Biggs, liquidating agent of the Rutherford County Bank and Trust Company and of the Farmers Bank and Trust

Company, by the sheriff of Rutherford County, that said sheriff had levied, and did by said notice levy, upon certain funds in his hands, which had been paid to him by the Honorable H. Hoyle Sink, one of the judges of the Superior Courts of this State, for the benefit of the defendants, K. S. Tanner, S. E. Elmore, and B. B. Doggett. Both the Rutherford County Bank and Trust Company and the Farmers Bank and Trust Company are now insolvent banking corporations organized under the laws of this State, and are being liquidated by John D. Biggs as liquidating agent, under the supervision and orders of Gurney P. Hood, Commissioner of Banks of North Carolina.

On the facts found by Judge Harding, resident judge of the Fourteenth Judicial District, at his Chambers in the city of Charlotte, with respect to the funds in the hands of John D. Biggs, liquidating agent, it was considered, ordered and adjudged that said funds, now on deposit with the Union Trust Company subject to the orders of Gurney P. Hood, Commissioner of Banks, are not subject to any lien by reason of the levy made by the sheriff of Rutherford County. It was further ordered that the restraining order issued in the supplemental proceeding in execution be and the same was dissolved. From this order, the plaintiff appealed to this Court.

It appears from the facts found by Judge Harding and set out in his order that the funds now in the hands of John D. Biggs, liquidating agent, and subject to the orders of Gurney P. Hood, Commissioner of Banks, amounting to $49,814.68 and $7,500, were paid to said liquidating agent by Judge Sink on 15 May, 1931, for distribution by said liquidating agent as assets of the insolvent banking corporations now being liquidated by him, under the orders of the Commissioner of Banks of this State; that said funds were deposited with Judge Sink by various persons other than the defendants in this action, in compliance with terms and conditions suggested by Judge Sink for the disposition of certain criminal actions tried before Judge Sink at February Special Term, 1931, of the Superior Court of Rutherford County; that the defendants, K. S. Tanner, S. E. Elmore and J. F. Oates were convicted and the defendant, B. B. Doggett, entered a plea of nolo contendere in said actions; that the defendants in said actions were charged with violations of C. S., 224(g); and that upon the deposit of said funds with Judge Sink, the presiding judge at said trials, judgment against each of the defendants was suspended upon the payment of the costs. The funds were paid to John D. Biggs, liquidating agent prior to the date on which notice of the levy on said funds was served by the sheriff of Rutherford County on said liquidating agent. The said funds were received and are now held by John D. Biggs, liquidating agent in trust for the depositors of the insolvent banking corporations, and not for the defendants in this action, or either of them.

The plaintiff did not except to the findings of fact by Judge Harding. He excepted only to the order, and judgment. This exception was not well taken. The order is supported by the findings of fact. The respondents have no property in their possession belonging to the defendants. They are not indebted to the defendants. The defendants have no right, title or interest in or to the funds in the hands and subject to the orders of the respondents. The order restraining the defendants from disposing of said funds was properly dissolved. There is no error in the order. It is

Affirmed.